In Re William Sammon.

January Term, 1907.

Present: Rowell, C. J., Tyler, Munson, and Watson, JJ.

Opinion filed January 31, 1907.

*Breach of the Peace—Alternative Sentence—Imprisonment in County Jail—Construction of Statutes—V. S. 5206; No. 200, Acts 1906.*

Where the meaning of a statute is doubtful, the consequences may be considered in its construction.

The provision of §8, No. 200, Acts 1906, that imprisonment for a breach of the peace for a period not exceeding three months shall be in the county jail, refers only to a primary sentence of imprisonment, and does not apply to an alternative sentence of imprisonment for failure to pay a fine and costs imposed for that offence. Such alternative sentence must still be to the house of correction, in accordance with the requirements of V. S. 5206, which is not inconsistent with the provisions of said Act of 1906, which repeals only such Acts and parts of Acts as are inconsistent therewith.

HABEAS CORPUS, brought to the Supreme Court for the County of Rutland at its January Term, 1907, and then heard. On January 4, 1907, in the City Court of the city of Rutland, the relator was duly convicted of a breach of the peace, and sentenced to pay a fine of $5.00 and costs, amounting in all to $14.44, with the alternative sentence that if said fine and costs should not be paid within twenty-four hours, he be confined in the county jail in the city of Rutland in the county of Rutland, at hard labor, for the term of three times as many days as the whole number of dollars in said fine and costs, including the costs of commitment. The fine and costs not having been paid, the relator was committed to said county jail in accordance with his sentence; and thereupon brought this proceeding, alleging that he was being unlawfully imprisoned.

*Hale K. Darling* for the relator.

*Clarke C. Fitts, Attorney General,* and *Benjamin Gates, State's Attorney,* for the State.

WATSON, J.   By V. S. 5206 in cases within its scope when the court sentences a respondent to pay a fine, or a fine and costs, and passes no other sentence, it shall further order that if the sentence is not complied with within twenty-four hours he shall be imprisoned in the house of correction for as many days as thrice the number of dollars to be paid by the sentence including the costs of commitment, etc.   By Sec. 5218, persons thus imprisoned shall be kept at hard labor.   By Sec. 5209 a person so committed may be discharged on paying the balance of the fine, or fine and costs, after deducting thirty-three and one-third cents for each day he has been committed for default of payment.   These provisions apply to

cases for breach of the peace, unless the law in this respect has been changed by section 8, No. 200, Acts of 1906. That section provides that imprisonment for a breach of the peace for a period not exceeding three months shall be in the county jail, etc. By this act male persons thus imprisoned for such offence may be required to perform manual labor each day of the confinement except Sundays and legal holidays. But it contains no provision whereby the fine or fine and costs may be paid, as may be done under V. S. 5209.

By the Act of 1906, all acts or parts of acts inconsistent therewith were repealed. The question then is, whether the provisions of that act as respects imprisonment for breach of the peace are inconsistent with the law of V. S. 5206 requiring imprisonment in the house of correction for non-payment of fine, or fine and costs, imposed for that offence. No material inconsistency exists if the two can stand together. We think not only that they may stand together, but that to give them a different construction would work an injustice to those falling within the provisions of the Act of 1906, under an alternative sentence for the offence above named; for if such sentence may be to the county jail, then when once committed the prisoner may be put to manual labor for the whole term, the same as though his imprisonment was by direct sentence, and thus he be deprived of any opportunity subsequently to comply with his primary sentence by paying the fine, or fine and costs, even in money, to say nothing of receiving credit thereon for labor performed. When the meaning of a statute is doubtful, the consequences may be considered in its construction. *State* v. *Franklin County Sav. Bank & Trust Co.,* 74 Vt. 246, 52 Atl. 1069. Construing section 8, Act of 1906, as far as it relates to breaches of the peace, to have reference only to imprisonment

by direct sentence, that section is not in conflict with the law of V. S. 5206, and the latter was not, in the respects here involved, repealed by the former.

*It follows that the relator is illegally imprisoned and he is discharged therefrom and remanded to the custody of the sheriff of Rutland County to be by him detained until resentenced.*