IN RE HENRY A. BOWERS.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 22, 1907.

*Intoxication—Prosecution—Sentences—County Jail—V. S. 5206, 5210, No. 200, Acts 1906.*

Since No. 200, Acts 1906, repealed all Acts and parts of Acts inconsistent therewith, and §8 requires that all imprisonments for being found intoxicated shall be in the county jail, that Act repealed so much of V. S. 5206, 5210, as requires imprisonment in the house of correction in cases of conviction for being found intoxicated.

HABEAS CORPUS, returnable before the Supreme Court for Washington County at its May Term, 1907, and then heard. The opinion states the case.

*Harvey, Harvey & Harvey* for the relator.

*Clarke C. Fitts,* Attorney General, and *Benjamin Gates,* State's Attorney, for the State.

Rowell, C. J. The complainant seeks by *habeas corpus* to be discharged from further serving an alternative sentence in Washington County jail, taking effect at the expiration of a term of imprisonment therein, for the nonpayment of a fine with costs imposed on a second conviction for being found intoxicated.

He relies upon V. S. 5206. But that section applies only to cases in which a fine is imposed and no other sentence is passed; in which case, if the fine is not paid in twenty-four hours, it requires imprisonment in the house of correction. But that section and V. S. 5210, taken together, cover the case, if those sections are still in force as to this class of cases. Section 5210 provides than when a person over a certain age is convicted of an offence punishable by fine or imprisonment or both, and is sentenced to both, the sentence as to the fine shall be the same alternative sentence as where a fine only is imposed, and shall take effect at the expiration of the term of imprisonment.

But said sections are not in force as to this class of cases, for section 8, No. 200, Acts of 1906, provides that *all* imprisonments for being found intoxicated shall be in the county jail of the county in which the offence is committed. This is inconsistent with said sections; and as the act of 1906 repeals all acts and parts of acts inconsistent therewith, so much of said sections as required imprisonment in the house of correction in this class of cases is thereby repealed; and now, all imprisonments for being found intoxicated must be, as the statute says, in the county jail of the county in which the offence was committed.

This is not like *Sammon's* case, 79 Vt. 521, 65 Atl. 577. There the complainant was in the county jail for assault and battery, under a sentence of imprisonment and an alternative sentence for the nonpayment of a fine. It was held that section 8 of the act of 1906, as far as it relates to breaches of the peace, has reference only to imprisonment by direct sentence, and not imprisonment by an alternative sentence, and consequently that said section is not in conflict with the sections of the Vermont Statutes referred to, and that they are not, in the respects there involved, repealed by said act.

*Judgment that the complainant is lawfully imprisoned, and that he be remanded to the custody whence he was taken.*